**FRIENDS OF ETNA TURPENTINE**
**CAMP, INC., a Florida non-for-profit**
**corporation**

      **Plaintiff,**

**v.**                                                    **Case No: 5:18-cv-291-Oc-30PRL**

**U.S. DEPARTMENT OF THE**
**INTERIOR, RYAN ZINKE, U.S. FISH**
**AND WILDLIFE SERVICE, GREG**
**SHEEHAN and JIM KURTH**

      **Defendants.**

_____

# ORDER

Martin Lowy and M. Hatcher Norris, both of whom are proceeding *pro se,* seek leave to intervene in this action as a matter of right. (Doc. 28).

Federal Rule of Civil Procedure 24(a) provides in relevant part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to intervene, the parties must show that: (1) their application for intervention is timely; (2) they have an interest relating to the property or transaction which is the subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect their interest; and (4) their interest must be inadequately represented by existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

Here, Martin Lowy and M. Hatcher Norris proclaim to have an interest in supporting the Suncoast II Parkway because it is in the best interest of the residents of Citrus County, Florida. To that end, they recently formed a Florida non-profit corporation "Friends of Suncoast2." They seek to offer testimony at the hearing regarding the benefits to the residents of Citrus County, including testimony from a representative of the Citrus County Chamber of Commerce and an expert on Citrus County real estate. They argue that no other party represents these interests.

However, the instant action focuses not on whether the Suncoast II Parkway should be built, but whether Defendants complied with the procedural requirements of the National Environmental Protection Act (NEPA) and the Administrative Procedures Act (APA) in issuing the incidental takings permit. *See e.g., Dep't of Transp. v. Pub. Citizen*, 541 U.S. 752, 756-57 (2004) (NEPA does not itself mandate particular results, but only imposes "procedural requirements on federal agencies with a particular focus on requiring agencies to undertake analyses of the environmental impact of their proposals and actions."). The proposed testimony regarding the benefits of the Suncoast II Parkway to the residents of Citrus County has no bearing on whether Defendants complied with the procedural requirements.

Accordingly, because Martin Lowy and M. Hatcher Norris have failed to assert an interest relating to the subject of this action, their motion to intervene (Doc. 28) is due to be **DENIED** and the Clerk shall **STRIKE** their answer (Doc. 32).

**DONE** and **ORDERED** in Ocala, Florida on July 2, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties